

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*The Nemours Building*                                    *(302) 573-6277*
*1007 N. Orange Street, Suite 700*              *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

December 21, 2006

The Honorable Sue L. Robinson
United States District Court,
 District of Delaware
J. Caleb Boggs Federal Building
844 King Street
Wilmington, DE 19801

    **Re: United States v. Jocelyn Pricilla Lewis, Crim. A. No. 06-95-SLR**

Dear Chief Judge Robinson:

    Christopher S. Koyste, counsel for the defendant, has informed me that his client will enter a guilty plea to a misdemeanor charge in the above-listed matter. Mr. Koyste and I jointly called your chambers this morning to convey this information, and, in lieu of today's scheduled teleconference, a change of plea hearing was scheduled for 10:00 a.m. on Friday, January 12, 2007. A copy of the proposed Memorandum of Plea Agreement, as well as the related Misdemeanor Information, is attached.

    Respectfully submitted,

    COLM F. CONNOLLY
    United States Attorney

BY: _____
    Sophie E. Bryan
    Assistant United States Attorney

Encl.

Cc: Christopher S. Koyste, Esquire

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Crim. A. No. 06-95 (SLR) |
| | : | |
| JOCELYN PRICILLA LEWIS, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Sophie E, Bryan, Assistant United States Attorney, and Christopher S. Koyste, Esq., attorney for the defendant, Jocelyn Pricilla Lewis, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty to Count I of a one count Misdemeanor Information charging her with theft of government property, in violation of Title 18, United States Code, Section 641, the maximum penalty for which is a term of imprisonment of one year, a fine of $100,000, or both; one year supervised release; restitution; and a $25 mandatory special assessment. Upon the defendant's pleading guilty to the Misdemeanor Information, the government agrees to dismiss the Indictment returned against the defendant on September 5, 2006.

2. The defendant understands that if she were to proceed to trial on Count I of the

-1-

Misdemeanor Information, charging a violation of Title 18, United States Code, Section 641, the

government would have to prove each of the following elements of the offense beyond a

reasonable doubt: (1) the defendant knowingly and willfully, (2) embezzled, stole, purloined, and

converted to her own use, (3) a record, voucher, money, or thing of value, (4) of the United

States or any department or agency thereof.

3. The defendant knowingly, voluntarily, and intelligently admits that from June 2001 to

March 2003, in the State and District of Delaware, she stole a total of $6,915.50 in funds of the

Social Security Administration, an agency of the United States government, by falsely reporting

Social Security Administration benefit checks as lost or stolen and then negotiating both the

original checks and the replacement checks.

4. Based on the defendant's actions to date, the United States agrees that the Court

should grant a two-level reduction in the base offense level for the defendant's affirmative

acceptance of responsibility under Sentencing Guideline § 3E1.1. The United States so agrees

because the defendant has timely notified the authorities of her intention to enter a plea of guilty,

thereby permitting the United States to avoid preparing for trial and permitting the Court to

allocate its resources efficiently. Should the defendant, subsequent to the entry of the guilty plea,

perform any act inconsistent with affirmative acceptance of responsibility under Sentencing

Guideline § 3E1.1, the government reserves the right to modify its position on this issue.

5. The defendant agrees to pay a $25 special assessment at the time of sentencing. The

defendant agrees to make full restitution to the Social Security Administration in the amount of

$6,915.50.

6. If the Court orders the payment of any special assessment or fine as part of the

defendant's sentence, the defendant agrees to voluntarily enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

7. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits she expects from any such stipulation or recommendation, the defendant may not withdraw her guilty plea. The parties stipulate and agree that, pursuant to Sentencing Guidelines § 2B1.1(b)(1), the base offense level for Count I is 6.

8. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum

-3-

are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____  BY: _____
Christopher S. Koyste, Esq.   Sophie E. Bryan
Attorney for Defendant     Assistant United States Attorney

_____  Dated:
Jocelyn Pricilla Lewis
Defendant

**AND NOW** this _____ day of _____, 2007, the foregoing

Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
Honorable Sue L. Robinson
Chief United States District Judge
United States District Court
District of Delaware

-4-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06-95 (SLR) |
| | : | |
| JOCELYN PRICILLA LEWIS, | : | |
| | : | |
| Defendant. | : | |

### **MISDEMEANOR INFORMATION**

The United States Attorney for the District of Delaware charges that:

### **COUNT ONE**

From in or about June 2001 to in or about March 2003, in the State and District of Delaware, **JOCELYN PRICILLA LEWIS**, defendant herein, did knowingly and willfully embezzle, steal, purloin, and convert to her own use, money of the United States, in violation of Title 18, United States Code, Section 641.

COLM F. CONNOLLY
United States Attorney

By: _____
    Sophie E. Bryan
    Assistant United States Attorney

Dated: